# IN THE UNITED STATES BANKRUPTCY COURT, DISTRICT OF PUERTO RICO

IN RE: MIGUEL ANGEL MARZAN BONILLA

    MAYRA BELEN DIAZ LAUREANO

Bankruptcy Number: 13-01252-ESL

Chapter 13

## STANDING CHAPTER 13 TRUSTEE §341 MEETING MINUTES AND REPORT ON CONFIRMATION

Petition Filing Date: 02/20/2013

Days From Petition Date: 181

910 Days Before Petition: 08/25/2010

Chapter 13 Plan Date: 08/14/2013 ☐ Amended

This is Debtor(s) 3 Bankruptcy petition.

Payment(s) ☑ Received or ☐ Evidence shown at meeting:

Check/MO# _____

Date: _____  Amount: $ _____

First Meeting Date: 03/22/2013 at 11:00AM

341 Meeting Date: 08/20/2013 at 2:00PM

Confirmation Hearing Date: 04/19/2013 at 11:00AM

Plan Base: $900,152.00   Plan Docket # 46

This is the 3 scheduled meeting.

Total Paid In: $2,800.00

---

*APPEREANCES:   ☐ Telephone   ☐ Video Conference

Debtor: ☑ Present ☐ Absent ☑ ID & Soc. OK          Joint Debtor: ☑ Present ☐ Absent   ☐ ID & Soc. OK

☑ Examined       ☐ Not Examined under Oath          ☑ Examined       ☐ Not Examined under Oath

Attorney for Debtor(s): ☐ Not Present   ☑ Present

Name of Attorney Present (Other than Attorney of Record): _____

☐ Pro-se

☑ Creditor(s) Present          ☐ None

BPPR- Rivera
and Migdalia Guasp

---

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: JUAN O CALDERON LITHGOW*

Total Agreed: $3,000.00     Paid Pre-Petition: $0.00   Outstanding (Through the Plan): $3,000.00

---

*TRUSTEE'S REPORT ON CONFIRMATION & STATUS OF §341 MEETING

Debtor(s) Income is (are) ☐ Under  ☑ Above Median Income          Liquidation Value: $ 289,146

Commitment Period is    ☐ 36 months  ☑ 60 months §1325(b)(1)(B)     Projected Disp. Inc.: $ 0

The Trustee:   ☐ NOT OBJECTS  ☑ OBJECTS  Plan Confirmation  Gen. Uns. Approx. Dist.: ___ %

§341 Meeting  ☐ CONTINUED  ☐ NOT HELD  ☑ CLOSED  ☐ HELD OPEN FOR _____ DAYS

§341 Meeting Rescheduled for:

Comments:

---

*TRUSTEE'S OBJECTIONS TO CONFIRMATION: NOTICE: LBR 3015-2(c)(6) The debtor must within seven (7) days after service of the objection file either: (A) an amended plan that addresses each objection; or (B) a reply setting forth the facts and legal arguments that give rise to the reply in sufficient detail to allow each objector, if possible, to reconsider and withdraw its objection.

[1325(a)(3)] Plan NOT proposed in good faith.

- Transaction were they sell part of the business and lease the same without autorization of the Court shows debtors' lack of good faith. Nothwistanding that the proposed plan contemplates 100% payment to general unsecured creditors, there is no real showing that they will be able to make such payment.

[1325(a)(6)] Feasibility – Debtor(s) does not has/have the capacity to make proposed plan payments.

*OTHER COMMENTS / OBJECTIONS

- Debtors entered into a lease agreement before requesting approval from the Court - Dkt 48. Debtor according to their motion received $20,000 on May which used to pay debts of business and personal expenses. According to their testimony a payment of $5,000 will be received at the end of August and another $5,000 at the end of September. Need to provide evidence on what they used the funds received.
- Debtor plan payments, including the Lupsum payment are not supported by their testimony of documents provided.

---

/s/ Jose R. Carrion, Esq.          Meeting Date: Aug 20, 2013

        **Trustee**

/s/ Jose R. Carrion, Esq.

        **Presiding Officer**